UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAH JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. COTTA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:16-cv-00082 - JLT<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE TO THIS MATTER<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THE ACTION WITHOUT PREJUDICE |

Armah Johnson asserts the defendants have failed to honor the terms of a settlement agreement reached after prison officials confiscated and then misplaced his television and typewriter. Because Plaintiff seeks only to state a claim for a breach of contract, his claim arises under state law and this Court lacks jurisdiction over the action. For this reason, as explained below, the action is **DISMISSED** without prejudice.

I.      **Screening Requirement**

When an individual is proceeding *in forma pauperis*, the Court must review the complaint and shall dismiss a complaint, or claim, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation.] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation.] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation.] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). If factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong*

*v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)).  However, the Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.    Section 1983 Claims

An individual may bring a civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983.  To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).  Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff."  *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. Apr. 17, 2012).  An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  In other words, "[s]ome culpable action or in action must be attributable to defendants."  *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012).

### IV.    Factual Allegations

Plaintiff contends that his television and typewriter were taken while he was placed in segregation.  (Doc. 6 at 4)  Once Plaintiff was eligible for his property to be re-issued to him, Plaintiff did not receive the television and typewriter.  (*Id.*)  Plaintiff asserts he filed an administrative appeal,

but the prison officials were unable to locate his property. (*Id.*) Plaintiff alleges that his "second level review" was "partially granted," and he and Defendants entered into a settlement agreement for a typewriter and payment of $775.95. (*Id.* at 6, 9) However, Plaintiff asserts Defendants "failed and refused to fulfill [] the terms [] of the contract." (*Id.* at 8) Accordingly, Plaintiff contends Defendants are liable for a breach of contract. (*Id.* at 1, 10)

## V.     Discussion and Analysis

Federal courts are of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 377 (1994). The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Significantly, the only claim upon which Plaintiff seeks to proceed in this action is for a breach of the settlement agreement.[1] (Doc. 6 at 1) A claim for breach of contract or settlement agreement will not provide the basis for federal court jurisdiction. *See Kokkonen*, 511 U.S. at 378. Rather, a breach of contract claim arises under state law. *See Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 686 (9th Cir. 2007). Accordingly, Plaintiff has not raised a claim that invokes federal subject matter jurisdiction. Moreover, there are no facts alleged to support a conclusion that this Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332(a).

## VI.    Conclusion and Order

Because Plaintiff raises only a claim for breach of contract in his First Amended Complaint, the Court lacks jurisdiction over this action. *See Hall*, 476 F.3d at 686.

---

[1] The two causes of action identified are (1) "damages for breach of written contract" and (2) "money due and owning." (Doc. 6 at 1) However, a review of the First Amended Complaint reveals that the second cause of action is related only to the amount of damages and the alleged breach of contract.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The Clerk of the Court is **DIRECTED** to assign a District Judge to this action;

## V. Findings and Recommendation

Because the Court lacks jurisdiction in this matter, the Court **RECOMMENDS**:

1. Plaintiff's First Amended Complaint be **DISMISSED** without leave to amend;
2. The action be **DISMISSED** without prejudice for lack of jurisdiction; and
3. The Clerk of Court be **DIRECTED** to close this matter, as this Order terminates the action in its entirety.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 30 days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991); Wilkerson v. Wheeler, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 18, 2016**            /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE