UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAH JOHNSON,<br><br>           Plaintiff,<br><br>      v.<br><br>COTTA, et al.,<br><br>           Defendants. | No. 1:16-v-00082-DAD-JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT<br><br>(Doc. No. 19) |

Plaintiff Armah Johnson is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. On April 19, 2016, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed for lack of jurisdiction without prejudice, but without leave to amend in this court. (Doc. No. 15.) The assigned magistrate judge concluded that plaintiff's first amended complaint alleged only a state law cause of action for breach of contract and that no facts alleged in the complaint supported this court's diversity jurisdiction over the action. (*Id.*) Those findings and recommendations were adopted and this action was dismissed without prejudice to plaintiff's pursuing his claims in state court, but without leave to amend in this court due to lack of subject matter jurisdiction. (Doc. No. 17.) Judgment was entered accordingly. (Doc. No. 17.)

/////

/////

1

On August 15, 2016, plaintiff filed a motion to alter/amend the judgment entered against him in this case. (Doc. No. 19.) In this motion, plaintiff seeks to be awarded the dollar value of his television and typewriter as well as prejudgment interest to be "made whole." (*Id.*) Plaintiff's motion will be construed as a motion for reconsideration, which is properly considered under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of judgment."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control. . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, plaintiff has not shown any new or different facts or circumstances, newly discovered evidence, or an intervening change of law to support his motion for reconsideration. Instead, he merely requests an award of monetary damages with respect to his claims that have been dismissed by this court without prejudice to their re-filing in state court. The law as stated

1 in the magistrate judge's findings and recommendations and its application to plaintiff's
2 allegations, all of which were adopted in full, were accurate. This court lacks subject matter
3 jurisdiction over plaintiff's claims and thus can neither address those claims nor award him any
4 damages in this action.

5  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this
6 court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the
7 court finds the order adopting the findings and recommendation (Doc. No. 17), which issued on
8 July 27, 2016, to be supported by the record and proper analysis.

9  Accordingly, plaintiff's motion to alter/amend judgment, filed August 15, 2016 (Doc. No.
10 19), is hereby denied.

11 IT IS SO ORDERED.

12 Dated:   **September 13, 2016**                                    
13                                                                    UNITED STATES DISTRICT JUDGE