UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAH JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. COTTA, et al.,<br><br>　　　　Defendants. | No. 1:16-cv-00082-DAD-JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REHEARING<br><br>(Doc. No. 21) |

　　　Plaintiff, Armah Johnson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 20, 2016. (Doc. No. 1.) However, on July 27, 2016, the action was dismissed after this court concluded it lacked jurisdiction since plaintiff's claims of the unauthorized deprivation of his property by prison officials failed to state a cognizable due process claim. (Doc. No. 17 at 2–3.)

　　　On January 13, 2017, plaintiff filed a "motion for rehearing." (Doc. No. 21.) In his motion, plaintiff states a rehearing is necessary because "the state failed to provide meaningful post deprivity [sic] remedy for loss occasion by intentional official misconduct." (*Id.*) While not entirely clear, the court takes this to mean plaintiff was unsuccessful in seeking redress in the state courts. Even if this were the case, however, it would provide no cause for this court to reconsider its prior determination that it lacked subject matter jurisdiction over plaintiff's claims. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) ("[F]ederal courts lack jurisdiction to

hear appeals from state court decisions."). No other grounds are advanced by plaintiff in his motion as to why this court should revisit its decision, which it has already declined to do once. (*See* Doc. No. 20.)

Accordingly, plaintiff's motion for rehearing (Doc. No. 21) is denied. No other orders will issue in response to filings made by plaintiff in this closed case.

IT IS SO ORDERED.

Dated: **April 28, 2017**    _____
UNITED STATES DISTRICT JUDGE

2