UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAH JOHNSON,<br><br>          Plaintiff,<br><br>     v.<br><br>COTTA, et al.,<br><br>          Defendants. | No. 1:16-cv-00082-DAD-JLT (PC)<br><br>ORDER FINDING APPEAL NOT TAKEN IN GOOD FAITH |

Plaintiff, Armah Johnson, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On July 27, 2016, the court dismissed the action without prejudice to plaintiff pursuing his claims in state court, but without leave to amend in this court, concluding that the court lacked jurisdiction over the matter. (Doc. Nos. 17, 18.) Plaintiff filed a motion to alter the judgment as well as a motion for rehearing which were both denied. (Doc. Nos. 19–22.) Plaintiff then filed a notice of appeal on May 15, 2017. (Doc. No. 23.) On May 18, 2017, the United States Court of Appeals for the Ninth Circuit referred the matter to this court for a determination of whether the appeal is frivolous or taken in bad faith under Federal Rule of Appellate Procedure 24(a)(3)(A), (Doc. No. 26).

An appeal is taken in good faith if the appellant seeks review of any issue that is not frivolous. *Gardner v. Pogue*, 558 F.2d 548, 550–51 (9th Cir. 1977) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (if at least one issue or claim is non-frivolous, the appeal must proceed *in forma pauperis* as a whole). A frivolous action is one "lacking [an] arguable basis in law or in fact."

1

*Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The court dismissed this action on the ground that plaintiff's complaint set forth no cognizable claims under § 1983 and the court lacked jurisdiction over plaintiff's state law breach of contract claim. In his appeal, plaintiff does not identify any legitimate grounds for appeal and mischaracterizes the court's dismissal as sounding in habeas corpus. (Doc. No. 23 at 1) ("Petitioner hereby appeal[s] from the judgment of the court denying the Petition for Writ of Habeas Corpus."). Though plaintiff signed his notice of appeal on May 10, 2017, he indicates that the judgment he seeks to appeal was entered on a date two months after he signed the notice—"Said judgment entered on <u>July of 2017</u>." (*Id.*) (emphasis in original). This court can discern no basis for plaintiff's appeal other than his mere disagreement with the court's ruling, which does not suffice to demonstrate good faith.

Given the foregoing:

1. Pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), the court finds that the appeal was not taken in good faith; and

2. Pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), the Clerk of the Court is directed to serve this order on plaintiff and the U.S. Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated: **May 19, 2017**

UNITED STATES DISTRICT JUDGE